**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued November 17, 2009
Decided November 18, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1482

COY J. THOMAS,
    *Plaintiff-Appellant*,

    *v.*

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    *Defendant-Appellee*.

Appeal from the United States District Court for the Central District of Illinois.

No. 08-3021
Jeanne E. Scott, *Judge*.

### Order

At the end of 1997, Coy Thomas sold his business and retired. His eligibility for Social Security disability benefits expired five years later, on December 31, 2002. In January 2004 he applied for disability benefits, contending that he had been disabled since spring 2002, when he was diagnosed with chronic lymphocytic leukemia. An administrative law judge rejected this application, and a district judge declined to set aside the administrative decision.

The record shows that Coy has received chemotherapy several times, starting in September 2003, and that the disease has gone into remission on occasion only to recur. No one doubts that leukemia often is disabling. Coy's problem is that physicians who evaluated him in 2002 found his condition to be asymptomatic—not only that tests did not reveal symptoms, but also that Coy did not even *report* symptoms. And unless the symptoms of the disease prevented him from working before the end of 2002, he is not entitled to benefits. Coy replies that there were no medical evaluations between September 2002 and the end of his eligibility; he asserts that by the end of 2002 he was too fatigued to have worked. The ALJ did not believe this, however, concluding that by 2007 (when the hearing was held) Coy may have confused his condition in 2002 with his condition in 2003 and later. No contemporaneous record supports a conclusion that

leukemia produced disabling fatigue in 2002—and the ALJ was entitled to infer that, had it done so, Coy would have paid his physicians a visit. All of the medical evidence in the record supports the ALJ's conclusion.

Coy might have asked a specialist to infer from his condition in 2003 what his condition likely had been on the last day of 2002, but Coy did not do this. Instead he contends that the ALJ should have secured such medical evidence without the need for a request. In administrative law, as in litigation, the claimant bears the burden of proof and production, see 20 C.F.R. §404.1512, but Coy maintains that SSR 83-20 and HALLEX I-2-5-34 shift this burden to the Commissioner with respect to disability's onset date. That's not so. These rulings give the ALJ an option without making it compulsory for the ALJ to obtain additional medical evidence. See, e.g., *Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008). The ALJ did not abuse his discretion in deeming the record adequate without exercising that option.

Coy's other appellate contention is that the ALJ failed to make a finding about his credibility. The question at issue, however, is not whether Coy was telling deliberate falsehoods, but whether he correctly remembered the time when his fatigue began to be serious. The ALJ addressed that question directly and found as a fact that, whatever Coy may have believed in 2007 about his condition in 2002, the medical evidence establishes that he was asymptomatic in 2002. Substantial evidence supports the administrative decision, and no legal error undermines the ALJ's conclusions.

AFFIRMED